**FITZGERALD, Plaintiff v. MANNING, et al., Defendants.**

Common Pleas, Cuyahoga County.

No. 555,572. Decided February 21, 1946.

Neil W. McGill, Cleveland, Burgess, Fulton & Fullmer, Cleveland, for plaintiff.

Lee C. Howley, Director of Law, Charles W. White, Assistant Director of Law, Attorney for City of Cleveland, Cleveland, for defendant Civil Service Commission.

Joseph Morgenstern, Cleveland, for defendant Robert. Manning.

## OPINION

By McNAMEE, J.

The plaintiff is a Sergeant of Police of the City of Cleveland and since December 1944 his name has been first on the Civil Service list of those eligible for promotion to the grade of Lieutenant. He brings this action for a declaratory judgment seeking a determination whether his rights have been infringed by the re-instatement of defendant Robert Manning to the position of Lieutenant of Police on the 9th day of August, 1945.

Defendant, Robert Manning, became a member of the Cleveland Police Department on November 16, 1919. Prior thereto he had served in the military service of the United States during World War 1. On September 18th, 1942, Manning forwarded to Deputy Commissioner John Sammon the following comunication:

"Sir.

I request that my name be placed on the Police Pension Roll as effective December 12, 1942. I have served the required 25 years entering the service November 16, 1919 (23 yrs and 26 days). War Service from May 24, 1917 to August 12, 1919 (2 yrs 2 months and 18 days), total 25 years, 2 months and 14 days.
Respectfully
Robert Manning, Lieutenant."

As evidenced by a stamped impression upon the above exhibit, this request was approved by the Safety Director on

September 21, 1942. On September 24, 1942 Manning enlisted in the United States Navy. He ceased work as a police officer on September 18, 1942, but his name remained on the payroll of the Cleveland Police Department until December 12, 1942, and he received compensation until that time. This compensation represented payments for overtime work and vacation periods not taken in the regular course of his employment prior to September 18th, 1942.

Manning's name was placed on the pension rolls after December 12, 1942, and a monthly pension based upon a full twenty-five year period of service was paid to him until October, 1944. Payments were discontinued at this time by reason of a decision of the Cuyahoga County Court of Appeals in **Batchelor v Newness.**

Manning was discharged from the Navy in May, 1945 and within ninety days thereafter made written application to the Safety Director for reinstatement to his position as lieutenant of police. The Safety Director requested an opinion from the Law Department and under date of July 27th, 1945 in an opinion written by Assistant Law Director Charles W. White, the Safety Director was advised that pursuant to the provisions of §486-16 (a) GC, as applied to the facts, it was his duty to restore Lieutenant Manning to his former position as lieutenant of police.

Manning returned all of the money he had received from the Pension Fund between December 1942 and October, 1944, waived his claim to any further payments from the Fund and on the 9th day of August, 1945 was appointed to a then existing vacancy in the office of Lieutenant of Police. He has served in that capacity continuously since that time.

Plaintiff argues in the alternative, either that Manning's communication of September 18th, followed by his cessation of work, constituted a resignation effective as of that day, or that said resignation became effective on September 21, 1942, when his request was approved by the Safety Director. It is urged that in either event Manning severed his connection with the police department before enlisting in the United State Navy on September 24th and therefore became ineligible for reinstatement under the provisions of §486-16 (2) GC. On the other hand, defendants, adopting the law director's opinion of July 1945, contend that Manning held the position of lieutenant of police until December 12, 1942, and inasmuch as his enlistment in the Navy was prior to that date, the provisions of §486-16 (a) GC, mandatorily required his reinstatement to the service.

In the opinion of the Court, the logic of this view is both compelling and conclusive. Sec. 486-16 (a) GC, provides in part as follows:

"Any person who at the time he held or holds an office or position under the classified service and has held such office or position for a period of ninety days or more, enlisted or enlists in the armed services of the United States subsequent to December 8, 1941, * * * shall, within thirty days after making application therefor, be restored to the office or position held by him immediately prior to his enlisting in the armed services of the United States, provided such person is at such time physically able to perform the duties of such office or position. Such application for restoration shall be made to the appointing officer of such person within a period of ninety days after the receipt of an honorable discharge or certificate or other evidence showing satisfactory completion of his period of service." * * * * * * *."

The foregoing section was enacted in 1943 and was designed to protect the Civil Service status of employees in the classified service who enlisted or were inducted into the military service during World War 2. Under the facts of this case, Lieutenant Manning comes squarely within its terms.

That Manning intended to retire from the police department is undisputed. It is equally beyond dispute that he intended his retirement to become effective on Decembr 12, 1942. He expressly so declared in his request of September 18, 1942 and in that communication he also stated with particularity that the period of his actual service in the police department was twenty-three years and twenty-six days. This represents a period of actual service in the police department from the date of his appointment on November 16, 1919 to the specified date of retirement, December 12, 1942. Manning's retirement was conditioned upon his receiving compensation until December 12, 1942, and the extension of his period of service as a police officer to that time. His request was accepted upon those conditions.

The safety director approved Manning's request without qualification or reservation. The Civil Service Commission certified his name on the payroll until December 12, 1942 and he was not placed upon the pension rolls until after the last mentioned date. The fact that Manning performed no work as a

156

police officer after September 18th is not decisive of his status. At the time he forwarded his request to be placed upon the pension rolls he estimated correctly that he was entitled to a credit of two months and twenty-six days of additional service in the department. He had earned compensation for the additional period mentioned without being required to render further service. In short, he was entitled to "a vacation with pay". Both the safety director and the Civil Service Commission recognized his right to the additional time of service as well as his right to compensation therefor.

If the communication of September 18, 1942 be considered as a resignation, it must be given effect in accordance with the express conditions of its submission and acceptance. Lieutenant Manning therefore held the office of lieutenant of police until December 12, 1942. Under this state of facts, the protective provisions of §486-16 (a) applied.

While in the classified service, and subsequent to December 8, 1941, Manning enlisted in the United States Navy, he received an honorable discharge therefrom, was physically able to perform his duties as lieutenant of police, and made timely application for reinstatement.

The Court therefore holds that his reinstatement was in all respects valid and in accordance with law.

While the Court is of the opinion that the foregoing considerations are fully determative of the issue here presented, other aspects of the case merit brief comment.

For some time prior to September 18, 1942, the Pension Fund Trustees had pursued the policy of crediting police officers, who applied for pensions, with their full period of military service in World War 1, even though such military service antedated the appointment of the applicant to the police force. Manning therefore in good faith, albeit mistakenly, assumed he had a right to a credit for his period of service in the military force during World War I. The Safety Director and Pension Fund Trustees, likewise acting upon a mistake of law, gave him full credit for his military service between May 1917 and August 1919.

On September 18, 1942 there was available to Manning under existing municipal legislation, the right of a leave of absence while serving in the armed forces of the United States.

Manning testified that he elected to apply for a pension because of his desire to accomplish two laudable purposes, first he desired to again serve his country in time of war, and, secondly, mindful of the hazards of war, he sought to provide adequately for his family while in the naval service.

As heretofore noted, in October 1944 the Court of Appeals of this county in the case of **Batchelor v Newness held** that:

"Credit for war service may be given only for such war service as interrupted the policeman's period of service in the police department."

This case was later affirmed by the supreme court in **145 Oh St, 115.**

In **State ex rel Simmnos v Wieber, 145 Oh St, 12[1]**, the Board of Trustes of the Pension Fund of the Cleveland Police Department sought to rescind its previous action in placing Simmon's name upon the pension rolls as a result of a credit for his military service in World War I which preceded the pensioner's appointment to the police force. The Supreme Court held that because the pensioner had drawn his pension for more than one year and was no longer eligible for reinstatement under the provisions of §486-16 GC, the Pension Board was therefore estopped to rescind the illegal action previously taken.

The principle enunciated in the Simmons case was reaffirmed by the Supreme Court in **State ex rel Bessick v McCaffery, 146 Oh St 21. Sec 486 GC,** provides in part:

"Any person holding an office or position under the classified service who has been separated from the service without **delinquency or misconduct** on his part may, with the consent of the commission, be reinstated within one year from the date of such separation to a vacancy in the same or similar office or position in the same department; * * * * * * *."

This section has been in effect for many years and was designed to afford an opportunity to those, who had become voluntarily separated from the classified service, to be reinstated within one year thereafter with the consent of the Civil Service Commission.

Manifestly the arbitrary limitation of time set forth in this section could not be fairly applied to one who entered the military service and whose tenure of service therein might extend beyond the period of one year.

As above noted, the legislature met this situation by the enactment of §486-16 (a) GC, which grants to members of the classified service who served in World War 2 the right of reinstatement without the consent of the Civil Service Commission upon compliance with the other conditions therein specified.

Upon his honorable discharge from the Navy, Manning fully qualified as one for whose benefit §486-16 (a) GC, was enacted.

Under these circumstances, it is doubtful that the doctrine of estoppel could have been invoked in his behalf in an action to maintain his pension status. Unlike the relators in the Simmons and Bessick cases, supra, time had not run against his application for reinstatement.

Although not required or requested to do so, Manning voluntarily refunded all of the money received from the Pension Fund Trustees. He was then in substantially the same position he would have been had he obtained a leave of absence in September 1942. The status quo was fully restored.

In view of these facts, it would be unjust and inequitable, as well as contrary to law, to hold Manning's reinstatement as lieutenant to be invalid.

Manning's counsel argues that the one year limitation in §486-16 GC, was suspended as to Manning during the period of his war service and that his reinstatement within a few months after his discharge finds sanction under the provisions of that section.

Being of the opinion, however, that his reinstatement is valid under §486-16 (a) GC, the Court does not consider or decide this question.

A journal entry may be prepared in accordance with the foregoing.